UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                              Case No. 8:18-cr-499-T33JSS

**RANDI POTTER**
_____/

**MOTION FOR DOWNWARD DEPARTURE OR VARIANCE
AND MEMORANDUM OF LAW**

The Defendant, **Randi Potter**, through counsel and pursuant to Rule 32 Fed. R. Crim. P., respectfully moves this Honorable court to grant a downward departure or variance below the *methamphetamine mixture* advisory guideline range of 151-188 months, or the probation calculated *actual methamphetamine* range of 235- 293 months, pursuant to one of many factors this court must consider to determine an appropriate and individualized sentence, sufficient but not greater than necessary, under the principles of 18 U.S.C. Section 3553(a)(1)-(6). *United States v. Booker*, 542 U.S. 220 (2005); *United States v. Tally*, 431 F. 3d 784, 786 (11th Cir. 2005); *United States v. Pugh,* 515 F.3d 1179 (11th Cir. 2008).

**STATUTORY SENTENCING FACTORS APPLIED TO POTTER
18 U.S.C. SECTION 3553(a) (1)-(6)**

Under the totality of the § 3553(a) factors, not in isolation, this court has discretion to grant a downward variance.  Post-*Booker*, many courts depart when

the advisory guidelines and career offender guidelines cause excessive punishment or over incarceration. *Kimbrough v. United States*, 552 U.S. 85 (2007); *Rita v. U.S.*, 127 S. Ct. 2456, 2473 (2007).

Probation correctly calculates the combined converted drug weight *actual methamphetamine*, and after adding two levels for possession of a weapon and a reduction for acceptance of responsibility at **CHC VI / BOL 33** at advisory guideline range of **235-293 months or 19.5 – 24.4 years**. PSR¶ 96-97. In comparison, and significantly less, Potter's amount as *methamphetamine mixture*, after acceptance of responsibility is **BOL 29/ CHC VI and 151-188 months or 11.6 – 15.66 years.** §2D1.1(c)(4). The **actual methamphetamine** base offense level is a four (4) level increase. This enhancement causes a significant disparity and unfair uniformity where it has been held *pure/actual* methamphetamine is not unique or rare and is not an indicator of higher culpability. *See United States v. Rodriguez*, 3:17-cr-00031-TMP, *Order Regarding Disparity in Methamphetamine Sentencing* (U.S. Dist. Alaska 2017).

To avoid a disproportionate and unwarranted disparity under the advisory guidelines, Potter proposes a sentencing range between the statutory ten (10) year minimum mandatory and twelve years.

*Section 3553(a)(1) - The nature and circumstances of the offense and the history and characteristics.*

Randi Potter may be eligible for a downward departure based on mental and emotional conditions pursuant to 5H1.3. Ms. Potter's mental health condition is such that when viewed in combination with other offender characteristics is present to an unusual degree and distinguishes the case from typical cases covered by the guidelines. While the PSR does include this ground in Paragraph 112, page 22 as a factor that may warrant a sentence outside of the advisory guideline system, it could also appropriately be considered as a factor that may warrant a departure.

Ms. Potter's personal history is one of abuse and neglect at an early age. She was sexually abused by a family member from age 5 to 7. Her family did not report the abuse, choosing instead to move the family to another state rather than seek any sort of counseling for Ms. Potter. He parents divorced when she was 10 years old and she was relocated between Texas, Florida, Kansas and Oklahoma during the remainder of her childhood. She fell into drug addiction and unhealthy relationships and left home at the age of 19. She married briefly, and was introduced to meth during that relationship. Her subsequent criminal history is largely comprised of possession of controlled substance offenses resulting in sentences of a year or less. It is noteworthy that she has never received any significant drug treatment as a component of any of her criminal sentences.

Potter mental health history spans from an initial diagnosis of a bipolar disorder, panic or anxiety disorder and drug induced schizophrenia in 2007 through her struggles with her mental health issues for the next decade. There were numerous Baker Acts and attempts at medication. However, there is no indication that she was ever afforded a dual diagnosis program that might treat her drug and mental health issues in unison. Consequently, her tendency to self-medicate with illicit substances precluded her ability to maintain the stability and sobriety to engage in consistent employment or stable personal relationships. Chronic meth addiction has negatively impacted her relationships, ability for gainful employment; vocational training, and education. Poverty and marginalization brings her before this court seeking an individualized sentence.

**Section 3553(a)(2)–** *The need for the sentence imposed.*

Without question this offense is serious and deserves a just punishment to show respect for the law, regardless of her addiction and lack of propensity for violence. The proposed sentence range is significant. Potter will have sufficient time to receive training, education, vocational, and mental health treatment. Sentencing reforms acknowledge that over punishment for non-violent offenses will not benefit Potter or society.

***Section 3553(a)(2)(A) – The seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.***

The proposed sentence range would be a much more significant punishment than her state sentences; reflect the seriousness of this offense; and protect the public. Potter's longest sentence was a year and a day. Actual time served in prison was likely less than one (1) year. As further punishment, and to hold her accountable, this court will also impose special conditions of supervised release to include continued drug treatment, random drug screens, employment, and a mental health evaluation.

***Section 3553(a)(2)(B) – adequate deterrence to criminal conduct.***

The proposed sentence range will reasonably deter Potter and others from committing future crimes. Potter will know if she violates during five (5) years of supervised release this court can impose the remaining portion of her sentence in prison.

***Section 3553(a)(2)(C) – protecting the public from further crimes of the defendant.***

The proposed sentence will protect the public. Potter is a recidivist and low-level non-violent chronic drug addict. The proposed sentence range will remove her from the community for a sufficient punishment and avoid excessive costs to society. Probation reports the cost on society to incarcerate Potter is between $32,000-36,000 a year. PSR ¶106.

*Section 3553(a)(2)(D) – provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner.*

The sentencing goals require punishment no longer than necessary to *rehabilitate* and re-integrate Potter safely in the community. She clearly needs a sentence that will allow rehabilitation and hopefully significant drug/mental health treatment in Bureau of Prisons and after care upon her release; vocational skills, and counseling. The proposed sentencing range would achieve that purpose.

Additionally, it should be taken into consideration that there was an unusual delay between the arrest and incarceration by state authorities on related charges prior to the release to federal authorities. During that time, almost from the moment of her arrest, she exhibited an early desire to cooperate, both in her acquiescence to a search of her motel room that resulted in the seizure of a large part of the meth seized and by her post-Miranda statement that resulted in a significant increase in the relevant conduct attributed to the Defendant. Although it does not appear that a 5K1 motion is anticipated at this time, her early and consistent efforts to cooperate truthfully and thoroughly evince progress toward rehabilitation even prior to her sentence. Similarly, her lack of disciplinary problems while in pre-trial incarceration reflects her potential for positive rehabilitation.

*Section 3553(a)(3) - (a)(6) - the kind of sentences available to this court.*

A - Ten (10) year minimum mandatory  - This court is required to impose.

B – **19.5 – 24.4  years:** *Actual Meth.* **Potter objects to application of the actual methamphetamine advisory guidelines as flawed and discriminatory.** Many courts have ruled they are inherently counter to the purpose of sentencing goals. The *combined converted drug weight* creates an unwarranted sentencing disparity by imposing sentencing uniformity on Potter. Unlike most controlled substances, methamphetamine is quantified based on purity, using either the weight of a mixture containing meth, or the weight of the pure drug within the mixture, *whichever yields the greater offense level*. Section 2D1.1, notes, USSGL. It is based on a 10:1 ratio to distinguish between *pure or "actual" methamphetamine* and a *methamphetamine mixture*: Ten (10) grams of pure meth is treated the same as 100 grams of methamphetamine mixture for calculating the advisory guideline range. 21 U.S.C. Section 841(B)(1)(a)(Viii).

Several District courts have found the distinction arbitrary:  1) prejudicially triggers the mandatory minimum; and 2) calculates a uniform weight driven base offense level that is unrelated to culpability. *See United States v. Rodriguez*, 3:17-cr-00031-TMP, *Order Regarding Disparity in Methamphetamine Sentencing* (U.S. Dist. Alaska 2017). Judge Burgess held *pure/actual* methamphetamine is not unique

or rare and current data suggests the purity is not an indicator or higher culpability. *Id*. at 8. For sentencing culpability should always matter.

C – **151- 188 months / 12.5 -15.6 years –** <u>Mixture methamphetamine</u> . If the guidelines are recalculated under the mixture guidelines, Ms. Potter's sentence is still a dramatic increase from the prior sentences she received in the state court systems.

## **CONCLUSION**

For the foregoing reasons, Randi Potter respectfully prays that this Honorable Court  1) reject the actual methamphetamine base offense level 34 on policy grounds as lacking empirical evidence, *alternatively*, reject its uniform overstatement of her culpability; 2)  fashion a sentence of no more than a ten to twelve years followed by 5 years of supervised release with the condition that Ms. Potter engage in drug treatment, undergo psychological counseling and take all prescribed medication. Such a sentence is sufficient to meet the goals of sentencing. A ten to twelve year sentence is significant and will deter such behavior in the community. It is also a sentence that reflects the seriousness of the offense while taking into consideration Ms. Potter's actions. The sentence takes into account Ms. Potter's history and characteristics and the need for significant rehabilitation and is no greater than necessary to satisfy the purposes of 18 U.S.C. Section 3553(a)(1).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing Motion has been furnished via the CM/ECF system with the Clerk of the Court, to send electronic notice of filing to the parties of record including AUSA, Dee Mosley, Middle District of Florida, on this 22nd day of May 2019.

Respectfully submitted,

/s/ Scott L. Robbins
**SCOTT L. ROBBINS, Esq.**
**Attorney for Defendant**
**RANDI POTTER**
607 West Horatio Street
Tampa, Florida 33606
(813) 258-2909
Fax (813) 254-6243
Fl. Bar No.: 0352111
ScottRobbins@aol.com
ScottLRobbins@aol.com